L. McCULLY, Administrator of William Fetters, deceased,
vs. W. H. HUDDY, et al.

IN EQUITY.   BEFORE ALLEN, C.J.

JUNE, 1873.

Defendant, being indebted to plaintiff's intestate on a note, conveyed his
property to his wife; when the note became due, defendant gave a new
note for the same amount, with interest.

Held, that the deed was void as against the second note: the latter being
a renewal, and not payment, of the first note.

DECISION OF ALLEN, C.J.

This is a bill in equity in which the complainant alleges that
the said William Fetters was a resident of Honolulu in August,
1869, and that William H. Huddy, then and still a resident of
Honolulu, was indebted to him in the sum of $400, and gave
him his promissory note for the same on the 13th day of August,
same year, payable to his order in twelve months, with interest,
and that failing to pay the same, he renewed the note on the
13th day of August, 1870, adding interest, making the amount
$448, payable in twelve months, with interest, and that said
Huddy has also failed to pay the said last described note.

The complainant further avers that said Fetters died in
Philadelphia, and made and published his last will and testament,
bearing date of August 29th, 1870, which was duly proved, one
J. G. Rosengarten being named as executor, and who procured
the probate thereof, and that subsequently, to wit on the
9th of December, 1871, said Rosengarten having failed to
procure payment of the said debt, or any part thereof, obtained
the judgment of the Supreme Court of this Kingdom for the
sum of $502.25, being the amount due on said promissory note,
principal and interest and costs; and the complainant further
alleges that he was duly appointed administrator with the will
annexed, on the 22d day of March, 1873.

And the complainant further alleges that said Huddy being

possessed and entitled of several parcels of real estate situate in Kalihi, Island of Oahu, and known as Keonepame and Puuwaakuku, and conveyed to him by two deeds dated 24th of February, 1866, and 14th of February, 1867, more particularly described therein, conveyed the same on the 28th day of April, 1870, in consideration of love and affection to his wife, Kahea Huddy, for her life, and to his children Mary Ann, Lydia C., and George H. Huddy, and any other children which might be born unto him thereafter; that no valuable consideration was paid for the same, and that it was purely a voluntary conveyance, and that the same ought not to prevail against the lawful claims of the complainant which accrued before and existed at the time of the execution of said deed, and that the same is in fraud of the rights of the complainant in the premises, and ought to be declared void as against said judgment.

Attorney-General A. F. Judd was appointed guardian *ad litem* of the children heretofore named, and made answer that the several allegations in the bill were true, and William H. Huddy and Kahea Huddy by their answer admit all the allegations of the bill, but submit to the judgment of the Court whether said promissory note of William H. Huddy in favor of said William Fetters, bearing date the 13th day of August, 1870, being subsequent to execution of said deed of conveyance, to wit, on the 25th of April, 1870, was in law a prior lien upon the real estate conveyed, and whether the deed of conveyance, made prior to the date of the note on which judgment was obtained, ought to be decreed null and void.

It is admitted that the conveyance was voluntary and without consideration, and was made when he was indebted for the note given in August, 1869, but that the same was renewed in August, 1870, subsequent to date of deed.

From the facts admitted and proven, it is very clear that the conveyance was in fraud of creditors, of which Fetters was one.

What effect did the renewal have on the rights of the parties?

I am of opinion that it was not an extinguishment of the debt,

but merely a cancelling of the former note. The deed being fraudulent when made as against the complainant's intestate, will continue so till his indebtedness then existing is discharged. It is admitted by the answer that the first note was not paid.

In the case of *Pomroy vs. Rice*, 16 Pick., 22, the Court declared it a well settled principle that when a mortgage and note are given to secure the payment of a sum of money, the renewal of the note does not operate as a discharge of the mortgage.

The same principle was recognized in *Davis vs. Mayard*, 9 Mass., 242.

*Watkins vs. Hill*, 8 Pick., 522, was decided on the ground that the note was a mere renewal and not intended as payment of the debt.

It is admitted that the last note was a renewal of the first, and there is no pretence that it was in payment.

It may be well to remark that in the case of *Cummins vs. Wond, ante* page 69, the Court decided that the husband could not legally convey lands by deed to his wife during coverture, and the deed in that case was declared void.

By that decision the deed in question would be void so far as the interest of the wife is concerned, were it not void on the ground already stated.

The deed referred to in the pleadings is hereby declared void and judgment is given for the complainants without costs to the minors.

*L. McCully,* for complainants, and *A. F. Judd,* guardian *ad litem,* for minors.

*W. H. Huddy,* in person.

June 5, 1873.